NOT FOR PUBLICATION IN WEST'S HAWAII REPORTS OR THE PACIFIC REPORTER

**Electronically Filed
Intermediate Court of Appeals
CAAP-10-0000176
30-NOV-2011
08:39 AM**

NO. CAAP-10-0000176

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

JARRET C. KO, Petitioner-Appellee, v.
DAVID D. ADAMUS, fka David D. Ko, Respondent-Appellant

APPEAL FROM THE FAMILY COURT OF THE FIRST CIRCUIT
(FC-DA NO. 10-1-1134)

SUMMARY DISPOSITION ORDER
(By: Foley, Presiding Judge, Reifurth and Ginoza, JJ.)

Respondent-Appellant David D. Adamus ("Adamus"), formerly known as David D. Ko, appeals from the Order for Protection ("Protective Order") filed on October 25, 2010 in the Family Court of the First Circuit ("Family Court").[1] The Protective Order, *inter alia*, prohibits Adamus from contacting Petitioner-Appellee Jarret H. C. Ko ("Ko"), Adamus's father, for ten years.

On appeal, Adamus argues that the Family Court erroneously adopted Ko's proposed findings of fact ("FOFs") and conclusions of law ("COLs") in their entirety, where doing so is discouraged.[2] Adamus also argues that the Family Court erred in granting Ko's Petition for an Order for Protection despite insufficient supporting evidence. Finally, Adamus argues that the court made numerous errors at trial by admitting into evidence disputed testimony of Ko's witnesses and crediting Ko's

---

[1] The Honorable Sherri L. Iha presided.

[2] Adamus does not explain the connection between the issues that he addresses in his argument and those that he lists in the points of error section of his brief. As a result, we address what we perceive to be Adamus's central arguments, and draw what connections we can between those arguments and Adamus's points of error.

witnesses over his.[3/]

Adamus asks that we remand this case with instructions to the Family Court to file the parties' respective proposed FOFs and COLs, so that we may see that the court improperly adopted Ko's proposed FOFs and COLs without change. Alternatively, he asks that we set aside the challenged FOFs and reverse the Protective Order.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Adamus's arguments as follows:

(1) Adamus provides no authority for the notion that the Family Court erred if it adopted Ko's proposed FOFs and COLs in their entirety, and we find none. *See* Haw. Fam. Ct. R. 52. Regardless, there was substantial evidence in the record to support the court's FOFs and COLs. The FOFs are not clearly erroneous, and the COLs are not wrong.

(2) With regard to Adamus's argument that the Family Court erred in admitting and relying upon the testimony of various witnesses whom Adamus contends should not have been believed, or should or should not have been allowed to testify, we decline to review the Family Court's credibility determinations. *Kie v. McMahel*, 91 Hawaiʻi 438, 444, 984 P.2d 1264, 1270 (App. 1999) ("[A]n appellate court will not pass upon issues dependent upon [the] credibility of witnesses . . . ; this is the province of the trial judge.") .

The Family Court did not err by prohibiting Adamus's witness, Natalie Adamus, from testifying about statements Veronica Ko ("Veronica") made to her regarding Veronica's fear of Ko, where the testimony would have constituted hearsay without exception and was inadmissible. Haw. R. Evid. 801 & 802.

The Family Court was also not wrong to find Katherine Ko ("Katherine") competent to testify. Haw. R. Evid. 601 &

---

[3/] Adamus contends in his second point of error that the Family Court "erred in ordering a ten year order for protection." Adamus's second point of error differs from his first point of error, which focuses solely on the order, to the extent that it addresses the term of the order. Adamus, however, addresses no argument toward the term of the order and, for that reason, we deem the point to have been waived. Haw. R. App. P. 28(b)(7).

603.1. Even omitting the court's question "So you can get in trouble [for committing perjury]?" and her response, "Yeah, I know already," Katherine's testimony showed that she understood the duty of a witness to tell the truth.

Finally, even if we assume that the Family Court erred in admitting Veronica's testimony of what Ko said to her over the telephone shortly after the July 31, 2010 incident ("Incident") because Ko's statements did not fall under the "present sense impression" or "excited utterance" exceptions to the prohibition against hearsay, Haw. R. Evid. 803(b)(1) & (2), any error was harmless as Veronica's testimony in this area was merely cumulative and substantial evidence was presented to support the conclusion that the Incident occurred as Ko said it did, and as the court concluded in COL 32. *See State v. Ikeda,* No. 29926, 2011 WL 927669, *1 (Haw. Ct. App. March 16, 2011) (harmless error when improperly admitted evidence was merely cumulative); *In re Estate of Herbert,* 90 Hawai‘i 443, 454, 979 P.2d 39, 50 (1999) (we will not disturb the trial court's findings if there is substantial evidence to support them). FOFs 13-21 summarize the incident, including the events that Veronica claimed Ko described to her, and are all derived from and accurately reflect Ko's trial testimony, which the Family Court had the discretion to credit. *Kie,* 91 Hawai‘i at 444, 984 P.2d at 1270. Sufficient evidence can be established by the testimony of a single witness. *State v. Pulse,* 83 Hawai‘i 229, 244, 925 P.2d 797, 812 (1996).

Therefore,

IT IS HEREBY ORDERED that the Order for Protection filed on October 25, 2010 in the Family Court of the First Circuit is affirmed.

DATED: Honolulu, Hawai‘i, November 30, 2011.

On the briefs:

Scot Stuart Brower
for Respondent-Appellant

Steven J. Kim
for Petitioner-Appellee

Presiding Judge

Associate Judge

Associate Judge

3